IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANGELA L. GRAHAM, in her capacity as the executrix of the estate of Cordell F. Ford, and <br><br> BRENDA J. FORD, <br><br>    Petitioners, <br><br> v. <br><br> BENEFICIAL FINANCIAL I, INC., <br><br>    Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  CASE NO. 2016CV272553 |

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

COMES NOW Petitioners Angela L. Graham, in her capacity as the executrix of the estate of Cordell F. Ford, and Brenda J. Ford (collectively "Petitioners"), and move this Court, pursuant to O.C.G.A. §§ 9-5-1 and 9-11-65(a), for a Temporary Restraining Order staying the foreclosure on the estate's property at 5605 Ashland Farm Road, Oxford, Walton County, Georgia, 30054 (the "Property"), scheduled for April 5, 2016, and to order the Respondent to cease and desist any further foreclosure actions against the Petitioners and prevent the sale of the Property on 5605 Ashland Farm Road.

Unless Respondent is enjoined, Petitioners will suffer immediate and irreparable harm for which they have no adequate remedy at law. The harm arises from Respondent's improper foreclosure of Petitioners' Property. Petitioners have priority claims against the Property as detailed in the brief filed in support hereof, which Petitioners hereby incorporate by reference.

Petitioners respectfully request that the hearing on their emergency motion for temporary restraining order be set by Rule Nisi at the Court's earliest convenience before April 5, 2016.

Petitioners request that this Court temporarily and permanently enjoin and restrain Respondent and its agents, employees, servants, attorneys, representatives, and all other persons acting in concert with them, from:

(i) selling the Property at 5605 Ashland Farm Road;

(ii) noticing any future sale of the Property located at 5605 Ashland Farm Road; and

(iii) initiating any foreclosure action or sale under power concerning the Property located at 5605 Ashland Farm Road.

This 8th day of March, 2016.

/s/ Jeffrey D. Abrams  
Jason W. Graham  
Georgia Bar Number 304595  
Jeffrey D. Abrams  
Georgia Bar Number 794862  
Attorneys for Petitioner Angela L. Graham

Graham & Jensen, LLP  
17 Executive Park Drive, Suite 115  
Atlanta, Georgia 30329  
Telephone: (404) 842-9380  
Facsimile: (678) 904-3110

/s/ David Jaffer with express permission
by Jeffrey D. Abrams
David Jaffer
Georgia Bar Number 720620
Attorney for Respondent Brenda J. Ford

The Jaffer Law Firm, LLC
260 Peachtree Street, NW
Suite 401
Atlanta, Georgia 30303
Phone: (404) 941-2189
Fax: (404) 659-3274

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the within and foregoing *Emergency Motion for Temporary Restraining Order* on all parties by depositing a copy of same in the United States first class mail in an envelope with proper postage affixed thereon, addressed to:

Beneficial Financial I, Inc.
c/o CT Corporation System
1201 Peachtree Street NE
Atlanta, Georgia 30361

This 8th day of March, 2016.

                                                /s/ Jeffrey D. Abrams
                                              Jason W. Graham
                                              Georgia Bar Number 304595
                                              Jeffrey D. Abrams
                                              Georgia Bar Number 794862
                                              Attorneys for Petitioner Angela L. Graham

Graham & Jensen, LLP
17 Executive Park Drive, Suite 115
Atlanta, Georgia 30329
Telephone: (404) 842-9380
Facsimile:  (678) 904-3110
jgraham@grahamjensen.com
jabrams@grahamjensen.com

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANGELA L. GRAHAM, in her capacity as the executrix of the estate of Cordell F. Ford, and <br><br> BRENDA J. FORD, <br><br> Petitioners, <br><br> v. <br><br> BENEFICIAL FINANCIAL I, INC., <br><br> Respondent. | CASE NO. 2016CV272553 |

**BRIEF IN SUPPORT OF PETITIONERS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

### I.   Introduction.

Petitioner Angela L. Graham, in her capacity as Executrix of the estate of Cordell F. Ford ("Executrix"), owns property located at 5605 Ashland Farm Road, Oxford, Walton County, Georgia, 30054 (the "Property"). The Property was owned by Cordell F. Ford prior to his death on April 14, 2014. The Property is the sole asset of Mr. Ford's estate and is encumbered by a non-purchase money lien in favor of Beneficial Financial I, Inc. ("Beneficial" or "Respondent"). Executrix has probated the Last Will and Testament of Cordell Ford in the Probate Court of DeKalb County. Mr. Ford's widow, Petitioner Brenda J. Ford, has file a Petition for Year's Support in the Probate Court of DeKalb County. Section 53-7-40 of the Georgia Code establishes that this Year's Support takes priority over the Beneficial lien, as do any necessary expenses of administration incurred by

Executrix. Executrix believes that the value of the Property is insufficient to satisfy both the Year's Support and the administrative expenses. Petitioners have sent several letters to Respondent to communicate this belief and attempt to resolve the matter, but Defendant instead is attempting to wrongfully foreclose upon the Property on April 5, 2016. Accordingly, Petitioners seek to temporarily and permanently restrain the foreclosure because the sale is legally void until such time as the DeKalb County Probate Court can hear and decide the widow's Petition for Year's Support and other estate expenses.

## II.   Statement of Facts

Mr. Ford was a disabled veteran, beloved father, and husband who owned property at 5605 Ashland Farm Road, Oxford, Georgia. On March 17, 2005, he executed a non-purchase money mortgage for $109,774.34, and a security deed in favor of Respondent. Mr. Ford received a bankruptcy discharge on June 13, 2007, but Beneficial maintained its lien on the property despite the discharge of Mr. Ford's personal liability for the loan. Mr. Ford passed away on April 14, 2014, and Executrix filed a petition to probate Mr. Ford's will in the Probate Court of DeKalb County on August 20, 2014. Executrix received Letters Testamentary on June 4, 2015.[1]   The Property was and is the sole asset of Mr. Ford's estate.

The Property itself consists of two separate tracts of property in Walton County, Georgia. It contains a prefabricated modular home that has no value and would probably have to be demolished just to sell the lot for its land value. The house on the Property

---

[1] A true and correct copy of the Letters Testamentary received by Executrix is attached hereto as *Exhibit A*.

contains several structural defects that negatively impact the value of the Property. Finally, a portion of the Property is contained in a separate tract of land that includes a septic tank and outbuilding. Defendant's lien does not attach to this tract, and any foreclosure by Defendant would result in holding imperfect title to the Property.

Mrs. Ford filed a Petition for Year's Support in the Probate Court of DeKalb County on February 4, 2016. However, due to the above issues with the Property, Petitioners believe that the Property's value is insufficient to satisfy a Year's Support and administrative expenses for the estate.[2] Accordingly, Petitioners (via counsel) sent Respondent a letter on January 13, 2015.[3] In this letter, Petitioners outlined the issues with the Property, pointing out that a real estate broker had advised her that the Property would sell at that time for $40,000, to $50,000. (Ex. C). Petitioners stated that this amount is less than a Year's Support, and certainly less than a Year's Support plus administrative expenses. (*Id.*). Furthermore, Petitioners noted that, under O.C.G.A. § 53-7-40, a non-purchase money mortgage was subordinate to both the Year's Support and administrative expenses in priority. (*Id.*). Accordingly, any attempt at foreclosure by Respondent would be unlawful. (*Id.*). In order to resolve these issues, Petitioners offered Respondent $5,000 in exchange for a quitclaim deed from Respondent with respect to Respondent's portion of the Property. (*Id.*).

---

[2] A true and correct copy of the Petition for Year's Support is attached hereto as ***Exhibit B.*** Plaintiffs' counsel will have all of the attached exhibits properly admitted into evidence at the hearing on this motion.

[3] A true and correct copy of this letter is attached hereto as ***Exhibit C***.

Instead of accepting the offer, on May 8, 2015, Respondent sent a Notice of Right to Cure Default, addressed individually to Cordell Ford, despite being on notice that Mr. Ford was deceased and his estate represented by counsel and despite its prior assurance that it would not send any such notice.[4] Respondent asserted in this letter a right to declare the loan past due and payable immediately and a right to sell the Property via non-judicial foreclosure. (Ex. D). In response to this improper notice, Executrix (via counsel) sent a letter to Mr. James Stefani, an employee of Respondent, outlining the above sequence of events and requesting that Respondent withdraw its Notice prior to the June 10, 2015 deadline.[5] Respondent later withdrew this Notice, as well as a later foreclosure set for October 6, 2015. However, Defendant has noticed the property for foreclosure again, which is now set to take place on April 5, 2016.[6] Petitioners (via counsel) have communicated with Respondent's counsel and have attempted in good faith to resolve this matter in the absence of litigation.[7] Respondent's counsel has refused to withdraw the notice of foreclosure set for April 5, 2016, despite being on notice of the title issues and the priority of the administrative expenses and Ms. Ford's claim for a Year's Support. (Ex. F).

---

[4] A true and correct copy of the May 8, 2015 Notice is attached hereto as ***Exhibit D***.
[5] A true and correct copy of Plaintiffs' counsel's letter, dated June 8, 2015, is attached hereto as ***Exhibit E***.
[6] A true and correct copy of the Notice setting a foreclosure date of April 5, 2016, is attached hereto as ***Exhibit F.***
[7] A true and correct copy of email correspondence between Executrix's counsel, Jason W. Graham, and Defendant's counsel, A. Drew Powers, is attached hereto as ***Exhibit G***.

### III.    Argument and Citation of Authority

**A.    Petitioners are entitled to an emergency temporary restraining order.**

This Court should temporarily restrain and interlocutorily enjoin Respondent. The Superior Court has exclusive jurisdiction in matters of equity, including with respect to matters involved in probate court. O.C.G.A. § 23-1-1 ("All equity jurisdiction shall be vested in the superior courts of the several counties."). O.C.G.A. § 23-2-91 further provides:

> Equity will not interfere with the regular administration of estates, except upon:
>
> (1) Application of the representative:
>
> (A) For construction and direction; or
>
> (B) For marshaling the assets; or
>
> (2) Application of any person interested in the estate where there is danger of loss or other injury to his interests.

*See also Lowell v. Bouchillon*, 246 Ga. 357, 358, 271 S.E.2d 498, 499 (1980) (reversing Superior Court's dismissal of petition to enjoin public sale of real property by executor under erroneous construction of the will); *Jenkins v. Finch*, 257 Ga. 276, 276, 357 S.E.2d 587, 588 (1987); *Reynolds v. Bowles,* 213 Ga. 534(1), 100 S.E.2d 198 (1957) (noting that an agreement to settle an estate may be enforced in a court of equity).

Interlocutory relief is available to protect parties during adjudication and to preserve the availability of an adequate remedy. *Chambers v. Peach County*, 268 Ga. 672, 673 (1997). "A trial court may grant an interlocutory injunction to maintain the status quo until a final hearing if, by balancing the relative equities of the parties, it would appear that

the equities favor the party seeking the injunction. In establishing an equitable balance between the opposing parties, the likelihood of the applicant's ultimate success is not the determinative factor." *Garden Hills Civic Ass'n v. Metro. Atlanta Rta*, 273 Ga. 280, 281 (2000) (internal citations omitted). "Although the merits of the case are not controlling, they nevertheless are proper criteria for the trial court to consider in balancing the equities." *Id.* "The trial court's exercise of its discretion will not be disturbed by an appellate court unless a manifest abuse of that discretion is shown [or] unless there was no evidence on which to base the ruling." *Bernocchi v. Forcucci*, 279 Ga. 460, 461 (2005) (internal citations omitted).

The status quo must be preserved until the probate court determines the Year's Support claim and priority issues to preserve any practical, meaningful relief. Petitioners seek a judgment against Respondent for wrongful foreclosure. Although money can be awarded for this claim, if the Property is foreclosed, Petitioners will no longer have title to the Property, and the estate will be without any assets to satisfy Mrs. Ford's Year's Support and any administrative expenses. By noticing the sale of the Property, Respondent has taken the Property hostage – Petitioners can either submit to the foreclosure of the only asset of the estate or pay Defendant the full amount of its lien, which far exceeds the actual value of the Property. Furthermore, Respondent's actions are not equitable or fair by any standards, because Respondent is aware of the fact that its interest in the Property is subordinate to Petitioners' interest, and is attempting to foreclose on the Property anyway. Furthermore, Respondent is attempting to foreclose on the Property despite only having a lien on one of the tracts.

Allowing Respondent to foreclose on its junior interest will extinguish the only asset in the estate, and Petitioners will have no way of satisfying the amount required for the Year's Support or the administrative expenses. Injunctive relief was invented for situations like this. The potential harm to Petitioners –the loss of the sole estate asset– far outweighs the potential harm to Respondent. The proposed injunctive relief will not impede either party's exercise of legitimate activities and transactions. An injunction will merely prohibit the Respondent from selling Petitioners' property at this time until the DeKalb County Probate Court can determine the lawful priority of interests.

**B.      Petitioners are likely to prevail on the merits of their claims.**

The sale of the Property on April 5, 2016 should be enjoined because Petitioners are likely to prevail on the merits of their claims. "In Georgia, a plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." *Racette v. Bank of America, N.A.*, 318 Ga. App. 171, 174 (2012). Furthermore, under O.C.G.A. § 23-2-114, a power of sale is to be "strictly construed and fairly exercised," and a plaintiff may sue for damages for wrongful foreclosure when "a foreclosing party breaches [its] statutory duty to exercise the power of sale fairly and in good faith." *Id.* A defendant breaches the duty of good faith when it publishes a foreclosure advertisement that is defective as a matter of law. *Id.*

Petitioners are likely to prevail on the merits of their claim because Respondent is seeking to foreclose on the property despite (1) having imperfect title to the Property; and (2) being on notice that its lien is subordinate to the Year's Support and administrative

7

expenses of the estate. As noted above, the Property consists of two tracts of land, but Respondent's lien only attaches to one of the tracts. (Ex. B). As such, any foreclosure sale of the Property will result in the buyer obtaining imperfect title to the property. Because the advertisement published by Respondent is defective as a matter of law, Respondent has breached its duty of good faith and is liable for wrongful foreclosure. *See Racette*, 318 Ga. App. at 174. Respondent also has breached its duty of good faith by failing to negotiate with Petitioners, sending a Notice to the deceased Mr. Ford despite knowing that he was deceased and represented by counsel, and foreclosing on a lien that Respondent knows is subordinate to other interests, namely, the Year's Support and administrative expenses of the estate. Section 53-7-40 of the Georgia Code provides:

> Unless otherwise provided by law, all property of the estate, both real and personal, shall be liable for the payment of claims against the estate in the following order:
>
> (1) Year's support for the family;
>
> (2) Funeral expenses, whether or not the decedent leaves a surviving spouse, in an amount which corresponds with the circumstances of the decedent in life. If the estate is solvent, the personal representative is authorized to provide a suitable protection for the grave;
>
> (3) Other necessary expenses of administration;
>
> (4) Reasonable expenses of the decedent's last illness;
>
> (5) Unpaid taxes or other debts due the state or the United States;
>
> (6) Judgments, secured interests, and other liens created during the lifetime of the decedent, to be paid according to their priority of lien. Secured interests and other liens on specified property shall be preferred only to the extent of such property; and
>
> (7) All other claims.

O.C.G.A. § 53-7-40. Respondent is attempting to foreclose on a property that is subordinate to two other higher-priority interests (Year's Support and administrative expenses), and such a foreclosure would leave the estate without any assets to satisfy those two other higher-priority interests. Respondent is doing this despite knowing that it does not have priority, knowing that its actions will harm Executrix's administration of Mr. Ford's estate, and knowing that the Property has a diminished value. Respondent's actions are the very definition of a lack of fairness and good faith under Georgia case law, and Petitioners are likely to prevail on the merits of their wrongful foreclosure claim.

Respondent's counsel, in communications with Petitioners' counsel, has contended that Respondent's non-purchase money mortgage retains priority over Petitioners' claims, and that its attempted foreclosure is proper. (Ex. G). The case of *Farmers Fertilizer Co. v. J.R. Watkins Co*, 199 Ga. 49 (1945), cited by Respondent's counsel in these emails, expressly relies on a prior version of O.C.G.A. § 53-3-16 and only applies to purchase money mortgages. *See id.* The current version of O.C.G.A. § 53-3-16, which is titled "Inferiority to purchase money mortgage on real property," states:

> Whenever the vendor of real property makes a deed to such real property and takes a mortgage to secure the purchase money for such real property, neither the surviving spouse nor the children of the vendee shall be entitled to year's support in the real property as against the vendor or the vendor's heirs or assigns until the purchase money is fully paid.

O.C.G.A. § 53-3-16. This statute, by its own terms, does not apply to Respondent's non-purchase money mortgage. Several Georgia cases note that a non-purchase money mortgage is junior to a Year's Support and estate expenses in priority. In *House v. House*, 191 Ga. 678, 680-81 (1941), the Georgia Supreme Court held that a prior version of

9

O.C.G.A. § 53-3-16 did not supersede a widow's claim for Year's Support in that case because "[t]he Grantor in the instant case took no mortgage back to secure the payment of the purchase price." In *King v. Dalton*, 85 Ga. App. 641, 643-44 (1952), the Court of Appeals similarly held that the purchase-money-mortgage exception codified at O.C.G.A. § 53-3-16 did not completely change the priority-of-interest framework, but was instead meant to be a very narrow exception for "a claim of a vendor of land sold to the deceased for unpaid purchase money." In light of these cases, Respondent's argument is without merit, and its non-purchase money mortgage does not claim priority over the Year's Support or any administrative expenses of the estate. Accordingly, this Court should grant Petitioners' motion.

This 8th day of March, 2016.

    /s/ Jeffrey D. Abrams
Jason W. Graham
Georgia Bar Number 304595
Jeffrey D. Abrams
Georgia Bar Number 794862
Attorneys for Petitioner Angela L. Graham

Graham & Jensen, LLP
17 Executive Park Drive, Suite 115
Atlanta, Georgia 30329
Telephone: (404) 842-9380
Facsimile: (678) 904-3110

    /s/ David Jaffer signed with express permission by Jeffrey D. Abrams
David Jaffer
Georgia Bar Number 720620
Attorney for Petitioner Brenda J. Ford

The Jaffer Law Firm, LLC
260 Peachtree Street, NW, Suite 401
Atlanta, Georgia 30303

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the within and foregoing *Brief in Support of Emergency Motion for Temporary Restraining Order* on all parties by depositing a copy of same in the United States first class mail in an envelope with proper postage affixed thereon, addressed to:

Beneficial Financial I, Inc.
c/o CT Corporation System
1201 Peachtree Street NE
Atlanta, Georgia 30361

This 8th day of March, 2016.

                                              /s/ Jeffrey D. Abrams
                                           Jason W. Graham
                                           Georgia Bar Number 304595
                                           Jeffrey D. Abrams
                                           Georgia Bar Number 794862

Graham & Jensen, LLP
17 Executive Park Drive, Suite 115
Atlanta, Georgia 30329
Telephone: (404) 842-9380
Facsimile: (678) 904-3110
jgraham@grahamjensen.com
jabrams@grahamjensen.com